UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR422-016-1 |
| ) | |
| SHAQUANDRA WOODS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Currently before the Court is the Government's Motion *in Limine* to Exclude Defendant Woods' Self-Authenticating Records. Doc. 177. Woods did not respond to the motion. *See generally* docket; *see also* S.D. Ga. L. Crim. R. 12.1. The Government's Motion was filed in response to Woods' Notice, in which she notified the Court and counsel of her intent to offer at trial seventeen exhibits which she contends are self-authenticating as publications by a public authority under Federal Rule of Evidence 902(5). *See* doc. 177 at 1; *see also* doc. 171 (Woods' Notice), docs. 171-1 – 171-17 (Woods' exhibits).

The Government moves to exclude thirteen of Woods' exhibits under Federal Rule of Evidence 403. *See* doc. 177 at 4-7. It groups

1

these exhibits into three general categories: "various statutes and regulations,"[1] or the "Statutes and Regulations" group, "documents published by the [Small Business Association ("SBA")] regarding the [Economic Injury Disaster Loans ("EIDL")] program,"[2] or the "SBA Publications" group, and "documents that have nothing to do with the SBA or EIDL program at all,"[3] or the "Non-EIDL Documents" group. *Id.* at 5-6.

Rule 403 allows for the exclusion of relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government argues the probative

---

[1] This category includes legislation of the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, 116th Cong. § 1110 (2020), doc. 171-1, five selections from the Federal Register containing regulations regarding the SBA and EIDL program, doc. 171-2, and the text of 15 U.S.C. § 9009, doc. 171-15.

[2] This category includes frequently asked questions from the SBA's website, docs. 171-3, 171-4, 171-5 and 171-6, three reports from the SBA Office of Inspector General, docs. 171-10, 171-11, and 171-12, and copies of EIDL documents available for download through the SBA website, doc. 171-8.

[3] This final category includes a copy of Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy, doc. 171-14, and a copy of a publication from the IRS website regarding a 2020 tax filing extension, doc. 171-17.

value of the thirteen exhibits is substantially outweighed by a danger that they will confuse the issues or mislead the jury. Doc. 177 at 6-7. It points out the limited probative value of these documents considering the conduct charged against Woods in the superseding indictment. *Id.* at 6. Compared to that limited probative value, it argues the likelihood these documents confuse the issues and mislead the jury is substantially high. *Id.* at 6-7. It points out the confusion that could arise if the defendant were to introduce the Statutes and Regulations to the jury, since the Court is responsible for instructing the jury regarding the applicable law. *See id.* at 6-7 (citing *United States v. Griffith*, 2015 WL 471426, at *4 (E.D. Mich. Feb. 4, 2015)). It also contends the introduction of the SBA Publications and Non-EIDL Documents would confuse the issues by putting "the SBA's administration of the EIDL program on trial," which would "overwhelm the jury and sow confusion about what questions are properly before it." *Id.* at 7.

The Government also moves to exclude Woods' exhibit comprised of "the SBA's internal notes regarding the EIDL ending in -8102," doc. 171-16, as incomplete pursuant to Federal Rule of Evidence 106. Doc. 177

3

at 8. However, it indicates it would not object to that exhibit being offered as authentic under Rule 902 so long as it is offered in full. *Id.*

Because Woods did not respond to the Government's well-supported and reasoned motion, it is **GRANTED**, as unopposed. Doc. 177. *See, e.g., United States v. Spencer*, 2020 WL 624272, at *2 n.4 (S.D. Ga. Feb. 10, 2020) (granting motion in limine as unopposed). Woods' exhibits, which the Government has identified as the "Statutes and Regulations," the "SBA Publications," and the "Non-EIDL Documents" are **EXCLUDED** during the trial of this case pursuant to Federal Rule of Evidence 403. Additionally, the incomplete version of "the SBA's internal notes regarding the EIDL ending in -8102" is **EXCLUDED**, pursuant to Federal Rule of Evidence 106, but Woods remains free to offer a complete version of that document.

**SO ORDERED** this 26th day of April, 2023.

_____
**CHRISTOPHER L. RAY**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**