IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SHAQUANDRA WOODS, COURTNEY GILCHRIST, and KENNETH JACKSON, <br><br> Defendants. | CASE NO.: 4:22-cr-16 |

### CRIMINAL TRIAL MANAGEMENT ORDER

The Court hereby orders that the above captioned case is set for **PRETRIAL CONFERENCE** before R. Stan Baker, United States District Judge, at 3:00 PM, on Tuesday, July 11, 2023, at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court, Savannah, Georgia, and for **JURY SELECTION AND TRIAL** before Judge Baker, at 8:30 AM, on Tuesday, July 18, 2023, at the Federal Courthouse, Courtroom 1, 8 Southern Oaks Court, Savannah, Georgia. The Court **ORDERS** the parties to carefully read and comply with the following directives. Moreover, the time periods set forth herein are necessary for the Court and the parties to prepare for trial. The interest served by providing the parties this additional time outweigh the public's and Defendants' interest in prompt resolution of this case. Therefore, the time from the date of this Order up to the date of trial shall be excluded from calculation of the time for trial provided by the Speedy Trial Act.

**I.    General Directions**

In this Order, the Court sets forth the parties' obligations to prepare this matter for trial. It is not the Court's intention to impose needlessly onerous obligations on counsel. Rather, these measures are designed to ensure the just and efficient trial of this case. It is the Court's experience

that the administration of justice is better served when the matters addressed herein are resolved well in advance of trial rather than by last minute filings on the eve of or during trial.

Except where otherwise indicated in this Order, the parties shall electronically file the documents described below using the Court's CM/ECF system. Each filed document should be separately and clearly captioned. When documents are required by this Order to be sent to the Court by email attachment, they should be submitted to the Courtroom Deputy Clerk Pam Hammock at pam_hammock@gas.uscourts.gov. Any questions may be directed to the Courtroom Deputy Clerk either by email or by telephone at (912) 650-4081.

## II.     Motions to Continue or Extend

The Court will only continue or extend the deadlines in this Order upon a showing of good cause. If any party seeks to continue or extend any of the deadlines in this Order including the date of the trial and/or pretrial conference, the party must make that request via a motion filed on the Court's docket. The filing of a notice of a plea agreement alone will not continue or extend the deadlines in this Order. Absent a showing of good cause, a motion to continue or extend the trial should be made at least two weeks before the trial date. Prior to filing any request to continue or extend, the requesting party shall consult with opposing counsel to determine if the opposing party agrees with or opposes the request. Within any motion to continue or extend, the moving party shall state whether the Defendant agrees with or opposes the request and whether opposing counsel agrees with or opposes the request. Additionally, within any motion to continue or extend, the moving party should state whether the period of delay should be excluded in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161.

**III.	Expert Witnesses**

On or before **May 30, 2023**, the Government shall disclose to Defendant, in writing, the information required by Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) for any testimony that the government intends to use at trial during its case-in-chief under Federal Rule of Evidence 702, 703, or 705.  On or before **June 6, 2023**, the Defendant shall disclose to the Government, in writing, the information required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) for any testimony that the defendant intends to use at trial under Federal Rule of Evidence 702, 703, or 705.  On or before **June 13, 2023**, the Government shall disclose to Defendant, in writing, the information required by Federal Rule of Criminal Procedure 16(a)(1)(G) (iii) for any testimony that the government intends to use at trial during its rebuttal under Federal Rule of Evidence 702, 703, or 705 to counter testimony that the defendant has disclosed under this Section.

**IV.	Motions in Limine**

The parties shall file any motions in limine on or before **June 20, 2023**.  The parties shall file any responses to any motions in limine on or before **June 27, 2023**.  Complex trial issues, including substantial evidentiary questions, are better resolved in advance of, rather than in the midst of, trial.  Thus, where possible, the Court expects the parties to raise complex trial issues, including complex debates regarding the exclusion or admission of evidence, through motions in limine.  However, the Court discourages the filing of form motions in limine or motions about issues the opposing party does not dispute.

**V.	Requested Voir Dire, Jury Instructions, and Verdict Form**

Each party shall file the party's requested voir dire, jury instructions, and verdict form on or before **July 3, 2023**.[1]  Each party shall file any objections to an opposing party's requested voir

---

[1] These requests should be filed as three separate pleadings.

dire, jury instructions, and verdict form on or before **July 7, 2023**. In addition to the CM/ECF-filed requests, each party shall email a copy of the party's requested voir dire, jury instructions, and verdict form as attachments in Word format to the Courtroom Deputy Clerk.

The parties are encouraged to use and refer to the Eleventh Circuit Pattern Jury Instructions in making their requests. For each requested jury instruction, the party should include the full text of the requested instruction and the pattern instruction number or other authority on which the request is based. If a party's requested instruction includes a modification of the pattern instruction, the party should so indicate.

## VI. Witness List and Exhibit List

Each party shall e-mail the Courtroom Deputy Clerk a copy of their witness list and exhibit list as attachments in PDF and Word format on or before on or before **July 10, 2023**. Parties shall not file the witness list or exhibit list on the record of the case in CM/ECF. At the pretrial conference, the Court will discuss with counsel whether each party's exhibit list and/or witness list should be disclosed to opposing counsel.

## VII. Trial Exhibits

On or before **July 10, 2023**, each party shall deliver to the Courtroom Deputy Clerk, a USB flash drive containing all trial exhibits in electronic format.[2] Parties shall not file trial exhibits on the record of the case in CM/ECF.

Original exhibits shall be submitted at the time of trial in electronic format and in accordance with the Eleventh Circuit rules regarding exhibits (11th Cir. R. 11-3,

---

[2] Acceptable electronic formats are limited to the following file types: .pdf, .jpg, .bmp, .tif, .gif, .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav, .3gpp. Each trial exhibit should be clearly named in an easily identifiable manner. Should the parties have any questions regarding the electronic format or naming conventions for proposed exhibits, they should contact the Courtroom Deputy Clerk well in advance of their deadline for submission of electronic exhibits.

http://www.ca11.uscourts.gov/rules-procedures).  Ordinarily, all exhibits for introduction into evidence at trial, to be shown to witnesses, and to be published to the jury must be presented electronically during trial, including documentary exhibits.  Some exhibits may not exist in electronic format or may not easily convert to an electronic format.  In those instances, the parties shall notate their respective exhibit lists as to any exhibits not submitted in electronic format.  When submitting non-documentary physical exhibits, the parties shall include photographs or other reproductions of such exhibits in electronic form.

Additionally, all parties shall provide one paper courtesy copy of all trial exhibits for inclusion in a Trial Exhibit Notebook to be given to the jury at the conclusion of the case.  The Trial Exhibit Notebook for the jury should contain said exhibits placed into labeled three-ring binders with corresponding exhibit numbered side index tabs for each exhibit.

**VIII.  Trial Memoranda**

Each party may file, but is not required to file, a trial memorandum.  Any party desiring to file a trial memorandum shall file the memorandum on or before **July 10, 2023**.  A trial memorandum should be filed where necessary to make the Court aware of significant or unique procedural, factual, or legal issues that the party expects to arise at trial.  The memorandum should contain a short and plain statement of any such issues.  For any legal issues, the party must cite to relevant legal authority.  A party should not file a trial memorandum to discuss routine or insignificant issues.  A party should also not file a trial memorandum to request court action prior to trial as such a request should be made in a motion in limine.  Additionally, a party should not file a trial memorandum to reiterate issues that have already been raised by a motion in limine. When filing a trial memorandum, the party should use the "Trial Brief" event in CM/ECF located under Criminal – Other Filings – Trial Documents.

IX.     **Pretrial Conference**

At the pretrial conference, the Court will conduct a meaningful and substantive discussion regarding the trial of this case.  **Thus, the Defendants and all attorneys participating in the trial of the case shall be present at the pretrial conference**.  Counsel shall be prepared to discuss and offer argument on any motions in limine and responses thereto, as well as any trial document listed above and objections thereto.  Absent a significant issue, the Court will not address individual exhibit objections at the pretrial conference as those objections are better addressed during trial.

Additionally, at the pretrial conference, counsel should bring to the Court's attention any witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability.

**SO ORDERED**, this 27th day of April, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA