**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CASE NO: 4:22-CR-016** |
| ) | |
| **SHAQUANDRA WOODS,** ) | |
| **COURTNEY GILCHRIST, and** ) | |
| **KENNETH JACKSON** ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT WOODS' OBJECTION TO ORDER AND MOTION TO RESCIND ORDER AND ALLOW HEARING ON MOTIONS AS PREVIOUSLY REQUESTED**

The United States opposes Defendant Shaquandra Woods' Objection to Order and Motion to Rescind Order and Allow Hearing on Motions as Previously Requested (the "Motion"). *See* (Doc. 188.) The Motion misstates the record and should be denied.

On February 21, 2023, Defendant Woods filed a Motion for Extension of Time. (Doc. 163.) On February 27, 2023, the Government filed its response, opposing a continuance of more than 30 days. (Doc. 168.) On March 10, 2023, the Court issued its Second Amended Scheduling and Discovery Order. (Doc. 170.) The Second Amended Scheduling and Discovery Order extended the Pretrial Motions deadline to March 23, 2023, and set April 20, 2023 as the deadline to submit a Status Report if any pretrial motions were filed. (*Id.*) The Second Amended Scheduling and Discovery Order explicitly stated that "to the extent Woods' motion might be seeking any additional relief, other than the already granted extension of time, that request is **DENIED, IN PART,** with leave to refile." (*Id.* at 2.) As a result, following the Second Amended Scheduling and Discovery Order, Defendant Woods had no pending

motions.

On March 10, 2023, Defendant Woods filed her Notice of Intent to Offer-Self-Authenticating Records Pursuant to F.R.E. 902 (the "Notice"). (Doc. 171.) On March 23, 2023, the Government moved *in limine* to exclude certain of Woods' self-authenticating records (the "Motion *in Limine*"). (Doc. 177.) Responses to the Government's motion were due April 6, 2023. *See* (Docket Text, Doc. 177.)

On April 20, 2023, Defendant Woods emailed the parties regarding her positions on the status of the case. *See* (Doc. 188-1, at 4.) Defendant Woods noted her position that there was *Brady* material that was still outstanding. (*Id.*) Defendant Woods also indicated in response to the Notice and Motion *in Limine* that she "request[ed] a full hearing on both motions." (*Id.*) Because the only motion pending as of April 20, 2023 was the Motion *in Limine*, the Government reasonably construed Defendant Woods' request for hearing to refer to the Notice and Motion *in Limine*. Accordingly, the Status Report filed April 20, 2023, noted Defendant Woods' request for hearing on the Motion *in Limine*. (Doc. 178.) The Status Report also noted that Defendant Woods took the position that *Brady* material remained outstanding. (Doc. 178.)

On April 21, 2023, the Court emailed all parties, notifying them that one motion was pending and requesting that the parties file a Joint Status Report. , The same day, the Government emailed all defendants regarding their positions for the Court's Joint Status Report form.  In so doing, the Government notified Defendant Woods that "there was neither a Motion for Brady Material nor a motion to

admit/authenticate any documents filed." (Doc. 188-1, at 7.) The Government further explained that "the Court's earlier ruling stated that it would not construe the language in the Motion to Continue as an additional motion for discovery" and "invited defense to file a separate motion if desired." (*Id.*) Because "[n]one was filed," the Government explained that "there is only one motion pending and it is the government's Motion in Limine at Doc. 177." (*Id.*) Finally, the Government explained that "[t]he Court has asked that we submit the joint status report on the form provided instead of a narrative report, so we will not be able to include the language" that Defendant Woods requested. (*Id.*)

Later that afternoon, the Government emailed Defendant Woods' counsel with a draft of the Joint Status Report. *See* (Ex. A.) The Government requested that counsel review the filing and asked whether the Government could file and add counsel's e-signature. The Government received no response, and filed the Joint Status Report without the e-signature of counsel for Defendant Woods. (Doc. 181.) The Joint Status Report noted Defendant Woods' position that additional time for plea negotiation would be necessary after receiving additional Brady material. (*Id.*)

Defendant Woods' Motion argues that the Court's April 26, 2023 Order should be "rescinded" because Defendant Woods requested a hearing on the Government's Motion *in Limine*, and such request was omitted from the Joint Status Report filed April 21, 2023. (Doc. 188 at 1-2.) Defendant Woods contends that because she offered the self-authenticating records as admissible, and the Government moved to exclude them as inadmissible, that the Government's Motion *in Limine* was opposed. (Doc.

188 at 3.)

Defendant Woods' Motion should be denied. As of the date of the April 21, 2023 Status Report, the only motion pending before the Court was the Government's Motion *in Limine*. Notably, the Government's Motion *in Limine* sought to exclude documents under Federal Rule of Evidence 403, not Rule 902(5). (Doc. 177.) Defendant Woods filed no opposition to the Government's Motion *in Limine*, which the Court considered in its April 26, 2023 Order. However, the Court also explained that the Government's Motion *in Limine* was "well-supported and reasoned," (Doc. 184 at 4), and Woods' instant Motion still does not explain why the documents she noticed should not be excluded under Rule 403.

Finally, to the extent that Woods implies that the Government intentionally omitted her request for a hearing on a *Brady* motion, Woods does not point to a motion that was pending as of either the April 20, 2023 Status Report or the April 21, 2023 Joint Status Report. The Government reasonably interpreted Defendant Woods' request for hearing to refer to the Notice and the Motion *in Limine*, not the Motion for Extension of Time that the Court denied in part in its Second Amended Scheduling and Discovery Order. As a result, the Government noted Woods' request for hearing on the Motion *in Limine* in the April 20, 2023 Status Report. (Doc. 178.) However, when the Court requested that the parties file the Joint Status Report, the Government indicated that no hearing was requested on the April 21, 2023 Joint Status Report because no opposition was filed to the Motion *in Limine*. (Doc. 181.)

Accordingly, the Government respectfully requests that Defendant Woods'

Motion be denied.

    Respectfully submitted, this 1st day of May 2023.

                                      JILL E. STEINBERG
                                      UNITED STATES ATTORNEY

                                      ***/s/ Jennifer G. Solari***
                                      Jennifer G. Solari
                                      Assistant United States Attorney
                                      Senior Litigation Counsel

                                      ***/s/ Ryan C. Grover***
                                      Ryan C. Grover
                                      Assistant United States Attorney
                                      South Carolina Bar No. 101218

22 Barnard Street, Suite 300
Savannah, Georgia 31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4991
Email: jennifer.solari@usdoj.gov
Email: ryan.grover@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 1st day of May 2023.

                                          Respectfully submitted,

                                          JILL E. STEINBERG
                                          UNITED STATES ATTORNEY

                                          ***/s/ Ryan C. Grover***
                                          Ryan C. Grover
                                          Assistant United States Attorney