UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                     ) | No. CR422-016 |
| ) | |
| SHAQUANDRA WOODS,       ) | |
| ) | |
| Defendant.              ) | |

## MOTION IN LIMINE

Defendant Shaquandra Woods files this motion in limine to exclude testimony about an alleged threat to Courtney Gilchrist and alleged threats directed to Ashlee Parker. For the reasons below, the Court should exclude this evidence.

## BACKGROUND

The second superseding indictment charges Woods with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §1349; four counts of making false, fictitious, or fraudulent claims in violation of 18 U.S.C. §287; and two counts of false documents in violation of 18 U.S.C. §1001(a)(3). (Doc 222) According to the indictment, the counts arise from fraudulent attempts to obtain SBA loans directed toward COVID-19 relief during the period of May 2020 to May 2021. (Doc 222-Pgs 1-3)

1

Ashlee Parker, who is Woods' cousin and whom Woods expects to be a government witness at trial, was interviewed pursuant to a proffer letter on November 29, 2022. According to Parker's interview, Woods' sister Shantae (also referred to as Janet or Janice) called Parker on September 9, 2021, and the call went to voice mail. A few minutes later, Woods arrived at Parker's residence in Dacula with Janice in the car. Woods and Parker eventually went to a Chick-Fil-A. Parker's proffer states that

> Woods "put the blame on Gilchrist" and Woods thought Gilchrist was snitching. Woods advised that Janet's husband can "touch" Gilchrist and "get rid of her." Parker took that to mean, that Woods could have Gilchrist killed. . . .

Parker's proffer describes other actions that she describes as Woods' attempts to get Parker to "stick to the story." According to Parker, these include Woods' walking into a men's bathroom to speak with Parker's husband and statements at a family reunion. Parker stated that she received threatening texts messages from "google telephone numbers" and "from random people" after news of her indictment became public.

## ARGUMENT AND CITATION OF AUTHORITY

Woods seeks exclusion of evidence about alleged threats – specifically, that Janet's husband can "touch" Gilchrist and "get rid of

2

her" and that Parker received threatening text messages after her indictment became public (if, and to the extent, the government attempts to tie them to Woods). Assuming for the sake of argument that this is intrinsic or intextricably intertwined evidence that "forms an integral and natural part of an account of the crime," it is still subject to Rule 403's balancing test. *United States v. Proctor*, 861 Fed. Appx. 760, 767-68 (11th Cir. 2021). That balancing test requires the exclusion of evidence of threats here.

> Rule 403 makes these provisions:
>
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. No doubt that Rule 403 is "an extraordinary remedy that must be used sparingly" and applies to evidence "dragged in by the heels solely for prejudicial impact." *United States v. Wilson*, 788 F.3d 1298, 1314 (11th Cir. 2015).

Here, the government can elicit testimony from witnesses about other alleged efforts to get Parker to "stick to the story." The government does not need to use evidence of a purported statement that Parker interpreted as a threat to kill Gilchrist or alleged threats to

3

Parker, particularly ones that Parker did not tie to Woods in her proffer. Salacious evidence that risks "a sideshow mini-trial" about exactly what was said and what, if anything, happened is properly excluded. *E.g., United States v. Burnette*, 65 F.4th 591, 607-08 (11th Cir. 2023)(affirming district court's exclusion under Rule 403 of evidence about a witness' purchase for another of a private dance and oral sex at a Las Vegas strip club, although district court allowed defense to ask witness simply whether he bought a person a dance). Thus, Woods asks the Court to exclude this evidence.

    Respectfully submitted this 19th day of September, 2023.

                                                  <u>/s/ Amy Lee Copeland</u>
                                                  Amy Lee Copeland
                                                  Georgia Bar No. 186730
                                                  Attorney for Shaquandra Woods

602 Montgomery Street
Savannah, Georgia 31401
912-807-5000
ALC@roco.pro

## CERTIFICATE OF SERVICE

I served a copy of this motion by filing it on the Court's CM/ECF portal, which generates a link to a file stamped .pdf copy of this motion to all counsel of record in this case.

This 19th day of September, 2023.

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730
Attorney for Shaquandra Woods
