UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. CR422-016 |
| ) | |
| SHAQUANDRA WOODS, ) | |
| ) | |
| Defendant. ) | |

### MOTION IN LIMINE

Defendant Shaquandra Woods files this motion in limine with respect to statements of a party-opponent, namely statements made by, or with the express approval of, the administrator of the Small Business Administration ("SBA").

### BACKGROUND

The second superseding indictment charges Woods with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §1349; four counts of making false, fictitious, or fraudulent claims in violation of 18 U.S.C. §287; and two counts of false documents in violation of 18 U.S.C. §1001(a)(3). (Doc 222) According to the indictment, the counts arise from fraudulent attempts to obtain SBA loans directed toward COVID-19 relief during the period of May 2020 to May 2021. (Doc 222-Pgs 1-3)

1

The Court's Amended Criminal Trial Management Order invites briefing on "[c]omplex trial issues, including substantial evidentiary questions" and "complex debates regarding the exclusion or admission of evidence" in a motion in limine. (Doc 219-Pg 4) To that end, Woods provides this briefing on the hearsay exception for an opposing party's statement. *See* Fed. R. Evid. 801(d)(2). The party-opponent rule is one frequently employed by the government against defendants – less so by a defendant against the government. To that end, Woods provides this briefing and gives an example of when the party-opponent exception may arise.

During the time period referred to the indictment, the SBA Office of Inspector General ("OIG") issued Report Number 21-02, dated October 28, 2020, called "Inspection of [SBA's] Initial Disaster Assistance Response to the Coronavirus Pandemic." (Doc 133-12) The SBA responded to this report through Jovita Carranza, its then-administrator. (Doc 133-12 at 47-77) Carranza attached a memorandum from James Rivera, the SBA's associate administrator (Office of Disaster Assistance), for the OIG's consideration. (Doc 133-12 at 48-77) That memorandum discusses, *inter alia*, why there may be legitimate

reasons for applications reflect shared IP addresses (*Id.* at 56-59) and why there may be legitimate reasons for delaying formal business formation – i.e., "why a business in operation on or before January 31, 2020, might register an EIN after that date." (*Id.* at 59-62)

The government has given notice that it intends to call Alfonso E. Olivas, an SBA Supervisory Loan Specialist, as an expert witness. (Doc 164, Doc 238) In the written disclosure made to counsel, Olivas represents that as to four particular loans, he will offer expert opinions – including opinions on the ultimate issue – that encompass things like "document submissions to the SBA" and "dates of operation of the business." The SBA, via Administrator Carranza and Deputy Administrator Rivera's letter and memorandum, has addressed these same issues, and statements made by the SBA's representatives should be admissible.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 801(d)(2) excepts an opposing party's statement from the hearsay rules if

> The statement is offered against an opposing party and:
>
> (A) was made by the party in an individual or representative capacity;

3

> (B) is one the party manifested that it adopted or believed to be true;
>
> (C) was made by a person whom the party authorized to make a statement on the subject;
>
> (D) was made by the party's agent or employee on the matter within the scope of that relationship and while it existed; or
>
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
>
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

The federal government is the party-opponent of the defendant in criminal cases. *United States v. Kattar*, 840 F.2d 118, 130 (1st Cir. 1988)(observing that Department of Justice "certainly should be considered as such"), *citing United States v. Morgan*, 581 F.2d 933, 937 & n. 10 (D.C. Cir. 1978). In an antitrust action, a district court construed the United States, via its executive branch offices, as the plaintiff – not just the Department of Justice. *United States v. Am. Tel. & Tel. Co.*, 498 F. Supp. 353, 357-358 (D.C. Cir. 1980).

Similarly, in a medical malpractice action brought under the FTCA, the Seventh Circuit allowed the admission of statements by the

Secretary of Veterans Affairs under this rule. *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). There, the Secretary (Edward Derwinski) directed the VA's OIG to investigate the veteran's hospital where Murrey died. *Id.* The OIG criticized that care. *Id.* "Several days after receiving the report, Derwinski publicly announced that poor care had contributed to the deaths of six patients at the hospital between June 1989 and March 1990, including Murrey," and the department's lawyers told Murrey's widow "that his death had been 'caused by a medical misadventure'" and suggested she file an FTCA claim. *Id.* The Seventh Circuit found that the district court erred when it excluded these admissions, which were admissible under Rule 801(d)(2). *Id.*

Not "every publication of every branch of government can be treated as a party admission by the United States" under Rule 801(d)(2). *United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989). But a pamphlet on sobriety testing formulated by "the government department charged with the development or rules for highway safety was the relevant and competent section of the government" could have been introduced by a defendant under this rule "as part of his defense in

5

order to show the measures that are necessary to be taken in order to have a reliable test for nystagmus." *Id*.

As an executive branch agency, SBA is a party opponent. In the example in the background recitation, the administrator of the SBA undoubtedly could speak for the SBA about its administration of SBA loans under Rule 801(d)(2). The highlighted statements from the letter and memorandum are relevant: The government's expert intends to address them. Thus, these statements are admissible.

Respectfully submitted this 19th day of September, 2023.

/s/ Amy Lee Copeland
Amy Lee Copeland
Georgia Bar No. 186730
Attorney for Shaquandra Woods

602 Montgomery Street
Savannah, Georgia 31401
912-807-5000
ALC@roco.pro

## CERTIFICATE OF SERVICE

I served a copy of this motion by filing it on the Court's CM/ECF portal, which generates a link to a file stamped .pdf copy of this motion to all counsel of record in this case.

This 19th day of September, 2023.

>/s/ Amy Lee Copeland
>Amy Lee Copeland
>Georgia Bar No. 186730
>Attorney for Shaquandra Woods