IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:22-cr-16 |
| SHAQUANDRA WOODS, | |
| Defendant. | |

**O R D E R**

For the below reasons, the Court **DENIES** Defendant's Motion for Release Pending Appeal, (doc. 404), and **DENIES as moot** Defendant's Contingent Motion for Extension of Report Date, (doc. 406). These motions are frivolous, and counsel should not have filed them. Defendant's last-minute effort to delay her sentence is merely the latest chapter in her attempt to dodge the consequences of her malevolence. The Court encourages Defendant to accept those consequences and turn her focus to receiving correctional treatment and rehabilitation.

**BACKGROUND**

On December 8, 2023, a jury found Defendant guilty of conspiracy to commit wire fraud as charged in Count One of the Superseding Indictment, in violation of 18 U.S.C. § 1349. (Doc. 324.) On March 29, 2024, the Court denied Defendant's Motion for a New Trial. (Doc. 380.) The Court rejected, on multiple grounds, Defendant's contention that the Government presented insufficient evidence to support the jury's guilty verdict. (Id.) The Court explained that the "[t]he jury heard and saw copious evidence that Defendant conspired to submit fraudulent loan applications to obtain money intended to help small businesses weather the COVID-19 pandemic." (Id. at p. 1.) The Court sentenced Defendant to seventy-five months imprisonment on April 16,

2024. (Doc. 391.) At sentencing, the Court overruled Defendant's objections to the United States Probation Office's Presentence Investigation Report. (Doc. 400, pp. 53—136.) Defendant's Guideline range of imprisonment was 87 to 108 months. (Id. at p. 137.) However, the Court varied downward and sentenced Defendant to 75 months of imprisonment. (Id. at pp. 177—78.) The Court stated that "this is the sentence I would give regardless of what the guidelines say" and that "it's still a very serious sentence, but a below-guidelines sentence, and it's a sentence I would give regardless of what the guidelines say." (Id. at p. 178.) Defendant appealed her conviction and sentence to the United States Court of Appeals for the Eleventh Circuit on April 30, 2024. (Doc. 394.)

At sentencing, the Court originally ordered that Defendant report to serve the imprisonment portion of her sentence on May 16, 2024. (Doc. 380, p. 181.) But upon a request from Defendant's counsel, the Court delayed Defendant's report date to June 17, 2024. (Doc. 393.) Now, nearly forty days after this Court's Order for extension and seven business days before she is due to report to serve her sentence, Defendant requests to remain on bond until the resolution of her appeal. (Doc. 404.) Defendant has also asked to extend her report date until the Court rules on her Motion. (Doc. 407.) The Government opposes Defendant's Motions. (Docs. 408, 409.)

## STANDARD OF REVIEW

Section 3143 of Title 18 of the United States Code outlines the appropriate circumstances for an appeal bond. That section reads:

> (b) Release or detention pending appeal by the defendant.--
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). Put another way, the "burden is on the convicted defendant" to show:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). The standard is conjunctive, meaning that a defendant must show all the above elements. United States v. Jennings, 991 F.2d 725, 731 (11th Cir. 1993).

In this context, a "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." United States v. Fernandez, 905 F.2d 350, 354 (11th Cir. 1990). "A court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." Giancola, 754 F.2d at 900v (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985)).

## DISCUSSION

Defendant has not shown that her appeal raises a substantial question of law or fact. Even if she had, she has not established that a ruling in her favor would result in reversal of her conviction, an order for a new trial, or a sentence that does not include a term of imprisonment.

3

Defendant's only argument to overturn her conviction is that the Court erred in declining to grant her motion for a new trial. (Doc. 404, p. 6.) Defendant's sole argument for a new trial was that the evidence was insufficient to support her conviction. (See doc. 356.) The Court laid waste to that argument in its Order denying her request for a new trial. (See doc. 380.) The Court detailed the voluminous evidence of Defendant's guilt. (Id.) The Court need not rehash that analysis here. See United States v. Langford, No. 7:08-CR-245-LSC-PWG, 2010 WL 11508317, at *2 (N.D. Ala. Mar. 31, 2010) (unnecessary to discuss arguments raised in defendant's motion for appeal bond that court addressed in order denying motion for new trial). Defendant does not offer a single argument as to how the Court erred in its analysis. Indeed, she does not even discuss the Court's Order. Rather, she once against makes a specious conclusory argument and blatantly ignores the overwhelming evidence of her guilt. Defendant's counsel should not sign and file a Motion before this Court contending that one of the Court's orders was erroneous without even endeavoring to discuss the contents of that order. The only development since the Court's denial of Defendant's request for a new trial, is the introduction of more evidence of her guilt. At sentencing, the Government introduced airtight electronic evidence that Defendant lied to the Court and to the jury when she testified at trial that Kenneth Jackson was at her home in Jacksonville, Florida on the date that his fraudulent loan application was submitted from that location. (Doc. 400, pp. 33—38.)

Defendant also contends that her appeal will question "[w]hether the Court [e]rred in its [d]etermination of the Sentencing Guidelines [r]esulting in an [u]nreasonable sentence." (Doc. 404, p. 6.) Once again, she offers no analysis of this issue or even a sentence explaining why this is a substantial question. Defendant would be hard pressed to contend that the Court's Guidelines calculation resulted in an unreasonable sentence when the Court sentenced her **below**

the Guidelines range and stated that it would impose the same sentence regardless of the Guidelines calculation. (Doc. 400, p. 178.) In the wake of such a statement, the sentence will stand on appeal unless it is substantively unreasonable. See United States v. Goldman, 953 F.3d 1213, 1221 (11th Cir. 2020). To determine whether a sentence was substantively reasonable, the Court of Appeals considers "the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a)." Id. at p. 1222. The Eleventh Circuit would vacate Defendant's sentence "only if [it is] left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." Id. (quoting United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010)). Defendant has not addressed the Section 3553(a) factors in her Motion for Release Pending Appeal much less explained how her sentence falls outside the range of reasonable sentences called for by those factors. Indeed, considering Defendant's significant fraud in this this case, her rampant perjury, and her continued refusal to recognize her criminality in the face of overwhelming damning evidence, she should feel fortunate that she did not receive a higher sentence. Even if the Eleventh Circuit vacates Defendant's sentence, on resentencing, this Court would not likely impose "a sentence that does not include a term of imprisonment." 18 U.S.C. § 3143(b)(1)(iii).

**CONCLUSION**

Defendant has failed to prove that her appeal raises a substantial question of law or fact. She also has not shown that a ruling in her favor would result in reversal of her conviction, an order for a new trial, or a sentence that does not include a term of imprisonment. Thus, the Court **DENIES** Defendant's Motion for Bond Pending Appeal, (doc. 404). The Court also **DENIES as moot** Defendant's Contingent Motion for Extension of Report Date. (Doc. 407.)

**SO ORDERED**, this 14th day of June, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA